**In re GLEN EDEN HOSPITAL, INC., Debtor.**

**Bankruptcy No. 93–50572–R.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Aug. 15, 1995.

Eric Wexler, Southfield, MI, for Movants, Specialized Pharmacy Services and Dr. Mamoun Dabbagh.

Deborah Fish, Detroit, MI, for Trustee.

Lynn Brimer, IRS, Detroit, MI, for IRS.

**590**

### ORDER DENYING MOTIONS TO SURCHARGE

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on motions filed by Specialized Pharmacy Services ("SPS") and Dr. Mamoun Dabbagh to surcharge the Internal Revenue Service ("IRS") pursuant to § 506(c). Following oral argument on July 10, 1995, the Court took the matter under advisement. The Court now holds that surcharge is not justified and therefore the motions are denied.

### I.

Glen Eden filed for chapter 11 relief on September 29, 1993. On May 22, 1994, a trustee was appointed. The trustee negotiated for the sale of the hospital, filed a plan of reorganization and filed a motion to sell the hospital. The sale of the hospital for $5,500,000 was concluded on March 23, 1995. Postpetition, SPS continued to supply the hospital with pharmaceuticals and Dr. Dabbagh continued to refer patients to the hospital. The debtor owes SPS approximately $10,788. Dr. Dabbagh is owed approximately $17,000.

Dr. Dabbagh and SPS seek reimbursement from the IRS. They contend that the expenses were reasonable and necessary and that without their services, the hospital would have been forced to close and would not have been sold as a viable entity.

The IRS contends that it did not benefit from the services of Dr. Dabbagh or SPS because it was fully secured at the time the petition was filed. Thus, the IRS contends, it would have been paid in full had the estate been liquidated when the petition was filed.

### II.

 Section 506(c) provides:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

A party seeking to surcharge has the burden of proving, by a preponderance of the evidence, either a direct quantifiable benefit to the secured creditor which enabled the secured creditor to realize as much or more than it would have had it enforced its security interest outside of bankruptcy, or that the creditor consented directly or by implication. *In re Staunton Indus., Inc.* 75 B.R. 699, 702 (Bankr.E.D.Mich.1987); *In re Wyckoff,* 52 B.R. 164, 167 (Bankr.W.D.Mich.1985); *See also In re Flagstaff Foodservice Corp.,* 762 F.2d 10, 12 (2d Cir.1985) (movant must show that the funds were expended primarily for the benefit of the creditor and that the creditor directly benefitted from the expenditure).

Applying this standard to the facts of the case, the Court concludes that Dr. Dabbagh and SPS have failed to establish that their services provided a direct benefit to the IRS. The IRS had a security interest in accounts receivable, which amounted to $1,183,000 at the time the petition was filed. The IRS had a first secured claim of $420,000. Schedule D shows only one other creditor with a security interest in the accounts receivable. That creditor's claim was $566,000. Thus, the IRS was oversecured by approximately $200,000 when the petition was filed. There is no evidence that the accounts receivable were not recoverable. Accordingly, the IRS would have received the entire amount of its claim had the hospital been liquidated when the petition was filed. If anything, the hospital's continued operation provided a benefit to the debtor and the unsecured creditors, not the IRS.

Accordingly, the motions to surcharge filed by Dr. Dabbagh and SPS are denied.